UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| STEVE BODNAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:07 CV 0248 PS |
| | ) | |
| DAVID L. CHIDESTER, Judge, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

Steve Bodnar, a prisoner confined at the Pendleton Correctional Facility, submitted a complaint under 42 U.S.C. § 1983, alleging that Porter Superior Court Judge David Chidester violated his federally protected rights. This court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion

> to dismiss, no more is required from plaintiff's allegations of intent than what
> would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that
> motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

According to the complaint, Judge Chidester presided over a civil case involving Mr. Bodnar in which he entered an order restricting Mr. Boadnar's ability to mail materials to the Porter County courthouse. Mr. Bodnar asserts that Judge Chidester lacks jurisdiction to restrict him from mailing materials to the courthouse. He seeks damages in the amount of $100,000.00 from Judge Chidester.

In response to the question on the complaint form "have you ever sued anyone for the same things you wrote about in this complaint," Mr. Bodnar advised the Court that he had filed a complaint against Judge Chidester in March 2007, cause number 3:07cv197 RM, which was dismissed on May 3, 2007. A review of the complaint in 3:07cv197 RM, establishes that Mr. Bodnar alleged that Judge Chidester presided over a civil case in which he granted Dena Schroeter a protective order prohibiting Mr. Bodnar from contacting her or attempting to correspond with her. She accused Mr. Bodnar of violating the protective order, and he moved to dismiss the protective order. On May 31, 2005, Judge Chidester denied the motion to dismiss and entered sanctions against Mr. Bodnar restricting his future ability to file materials with the Porter Superior Court. Mr. Bodnar attached a copy of the order to his complaint. Judge Chidester noted that Mr. Bodnar had "inundated this court and Clerk with Pro Se handwritten motions and such, contesting the entry of a Permanent Protective Order." After reviewing the evidence, Judge Chidester determined that "[i]t is obvious to the Court that [Mr. Bodnar] has attempted to further

2

manipulate the system and harass" Ms. Schroeter.  As a sanction, Judge Chidester entered an order restricting Mr. Bodnar's "mail to prohibit any and all pleadings, filing, correspondence or the like from inmate Steven Bodnar to the Clerk of Porter County, for any purpose, and to prohibit the mailing of any further correspondence from Steven Bodnar to this Court or Clerk." 3:07cv197 RM Docket # 7 at pp. 2-3.

Although he pled the facts with more specificity in 3:07cv197 RM , review of both complaints establishes that the two complaints deal with the same claim. The Court held in 3:07cv197 RM  that Judge Chidester was entitled to judicial immunity against Mr. Bodnar's damage claims and dismissed the complaint on the merits.  (3:07cv197 RM Docket #7). The clerk entered judgment against Mr. Bodner on May 5, 2007. (3:07cv197 RM Docket #8).

This Court has already reviewed Mr. Bodnar's claims regarding Judge Chidester entering an order restricting him from filing further papers with the clerk of the Porter Circuit Court. In 3:07cv197 RM, the Court ordered that judgment be entered against Mr. Bodnar and in favor of Judge Chidester on the merits. Thus the claims Mr. Bodnar presents here are barred by the doctrine of *res judicata* or claim preclusion.

> Under the doctrine of *res judicata* (claim preclusion), a final judgment on the merits of an action bars further claims by the parties or their privies based on the same action. Moreover, *res judicata* bars not only those issues that the parties actually litigated, but also any issue which the parties could have raised in the prior action.

*Gray v. Lock*, 855 F.2d 399, 404-405 (7th Cir.1989) (citations omitted).

Mr. Bodnar may file a notice of appeal and seek appellate review of the dismissal of his complaint in 3:07cv197 RM. He may not, however, seek to relitigate his claims in a second complaint.

For the foregoing reasons, pursuant to 28 U.S.C. § 1915A(b)(2), the court **DISMISSES**

3

this complaint with prejudice

**SO ORDERED.**

**ENTERED: June 7, 2007**

s/ Philip P. Simon
Philip P. Simon, Judge
United States District Court
